IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN L. LAUXMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV-07-509-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

ORDER AND JUDGMENT

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the Social Security Administration Commissioner's decision denying Plaintiff's application for disability insurance and supplemental security income benefits. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636 (b)(1)(B).

On February 11, 2008, the Magistrate Judged filed a Report and Recommendation [Doc. No. 27] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to that recommendation, the matter is reviewed *de novo.*

As fully discussed in the Report and Recommendation, this Court is limited in its review of the Defendant's decision, as a court may not reweigh the evidence or substitute its judgment for that of the Commissioner; rather, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate

to support the ultimate conclusion. <u>Castellano</u>, 26 F.3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1374 (10th Cir. 1992).

In this case, Plaintiff contends that she is unable to work because of left leg pain and numbness, foot cramping, lower back pain, right knee pain and swelling, left wrist and hand pain, and lack of mobility and grip strength in her left wrist and hand. At the November 2, 2006 hearing before the Administrative Law Judge ("ALJ"), she testified that she last worked in June 2005 as a part-time fast food cook, working four hours per day. She had held that position for one and one-half years. A vocational expert also testified at the hearing.

Following the hearing, the ALJ issued a decision finding that Plaintiff retained the capacity to perform her previous jobs and was therefore not disabled within the meaning of the Social Security Act. The Social Security Appeals Council declined to review that decision, and this action followed.

Plaintiff contends that the ALJ erred by failing to give proper weight to the medical opinions in the record. She further argues that the decision regarding her residual functional capacity to perform relevant past work is not supported by substantial evidence in the record. In the Report and Recommendation, the Magistrate Judge addressed each of these contentions in detail.

With respect to the ALJ's findings regarding the medical opinions reflected in the evidence, the Magistrate Judge discussed in detail the requirements for assessing medical evidence and concluded that the ALJ properly assessed the evidence. The basis for the ALJ opinion is summarized at length at pages 5 through 9 of the Report and Recommendation. The Court has considered the conclusions reached by the Magistrate Judge in his review of the ALJ's findings, and

agrees that those findings reflect no error. The detailed explanation of the ALJ's findings, and the governing law, need not be repeated in this Order, but are adopted as though fully set forth herein.

In objecting to the Report and Recommendation, Plaintiff is critical of the Magistrate Judge for including a discussion of the rules applicable to consideration of a treating physician's opinion; she notes that Dr. Murati, whose opinion is discussed in the Report and Recommendation, was not a treating physician. Instead, he performed a consultative evaluation of Plaintiff.

Plaintiff's arguments do not warrant rejecting the Report and Recommendation, as the Magistrate Judge noted the fact that Dr. Murati was a consultative physician rather than a treating physician. Report and Recommendation at page 6. The Report and Recommendation discusses in detail the law regarding the proper standards for assessing the weight of medical opinions. The Court agrees with the Magistrate Judge's conclusion that the ALJ did not err in applying those standards.

Plaintiff further argues that the Magistrate Judge improperly included in the Report and Recommendation findings which were not made by the ALJ; she contends that his recommendations must be rejected. The Court disagrees. A review of the ALJ's decision reflects that the findings discussed by the Magistrate Judge were included in the decision. The Court finds no error with respect to the medical findings.

Nor does the Court find error in the assessment of Plaintiff's residual functional capacity. As noted at pages 9 through 11 of the Report and Recommendation, the ALJ considered the evidence based on the opinion of Dr. Murati as well as that of Dr. Brennan and a non-examining medical consultant, along with the reports of Plaintiff's physical therapists. The Court has reviewed the ALJ decision and the record, and agrees with the Magistrate Judge that the decision is supported

by substantial evidence.

Plaintiff's objection focuses on her disagreement with the Magistrate Judge's discussion of the evidence. She again argues that he improperly included findings not discussed in the ALJ's decision. Contrary to Plaintiff's arguments, the record supports the residual functional capacity assessment set forth in the ALJ's decision. The Magistrate Judge did not improperly make findings not discussed in that decision, and his discussion in the Report and Recommendation is adopted.

Accordingly, having conducted a *de novo* review and having considered Plaintiff's objections, the Court concludes that the Report and Recommendation of the Magistrate Judge [Doc. No. 27] should be, and is, ADOPTED. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this  19th  day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE